UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RESURS, LLC, )
 )
    Plaintiff, )
 )
v. ) Civil Case No. 22-cv-62318
 )
GLOBAL FOOD TRADING INC., )
 )
    Defendant. )
 )

## COMPLAINT

Plaintiff Resurs, LLC ("Resurs"), by and through its undersigned counsel, states the following as its complaint against Defendant Global Food Trading Inc. ("Global").

## PARTIES

1. Plaintiff Resurs is a limited liability company organized under the laws of Russia with its principal place of business in Uvelsky, Chelyabinsk region, Russia.

2. Defendant Global is a company organized under the laws of Florida with its principal place of business at 8506 NW 38 Street, Pembroke Pines, FL 33024.

## JURISDICTION AND VENUE

3. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the parties are citizens of a State and citizens of a foreign state, and the amount in controversy exceeds $75,000.

4. This Court has personal jurisdiction because Global resides and regularly conducts business in the state of Florida. *See* Fla. Stat. §§ 49.193(1)(a)(1) & 49.193(2).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Global resides in Florida and because Global and Resurs have agreed to submit to the jurisdiction

and venue of the courts located in Broward County, Florida under the contract that is the subject of this lawsuit.

## FACTUAL BACKGROUND

6. Resurs is in the business of producing food under the Uvelka brand.

7. Global is in the business of importing and selling food, among other things.

8. Resurs and Global entered into a written contract on or about June 2, 2020 where Resurs would provide food to Global ("Agreement'). A copy of the Agreement is attached as Exhibit A.

9. Resurs provided two containers of food to Global pursuant to the Agreement. The items included in the two containers of food are listed in two invoices, dated August 16, 2021 and November 10, 2021. The two invoices are attached as Exhibit B. The total due is $82,767.30.

10. The waybills for the two containers are attached as Exhibit C.

11. The goods were delivered on February 25, 2022 and March 7, 2022. Defendant received and accepted the goods.

12. Global owes Resurs an outstanding balance of approximately at least $82,767.30.

13. On or about March 10, 2022, Resurs demanded payment from Global the then due account balance of $82,767.30.

14. Global responded that it would not pay for the sole reason that Resurs is a Russian company and Russia was conducting combat operations in Ukraine.

15. Global has not ever objected to the amounts due on any other grounds, including that it did not receive the goods, that the goods were spoiled, or that the deliveries

2

DEVINE GOODMAN & RASCO, LLP         2800 PONCE DE LEON BOULEVARD, SUITE 1400, CORAL GABLES, FLORIDA 33134 P 305.374.8200 F 305.374.8208

did not include all of the goods.

16. Resurs and its principals are not connected in any way to the Russian government and have nothing to do with Russian combat operations in Ukraine.

17. As a result of Defendant's breach of responsibility to pay for the goods provided under the Agreement, Resurs brings this action against Defendant for recovery on open account, account stated, breach of contract, and unjust enrichment.

18. All prerequisites to this suit have occurred or have been waived.

## COUNT I: BREACH OF CONTRACT

19. Resurs adopts and re-alleges paragraphs 1-18 above as if set out fully herein.

20. As set forth above, Resurs provided goods to Global. Global breached the terms of the Agreement by failing to fully pay Resurs for the goods supplied by Resurs.

21. To date, Global has failed to pay Resurs for the food supplied.

22. Resurs has been damaged as a result of Global's breach and is entitled to recover from Global the compensatory damages sustained due to the breach in the principal amount of the food ordered and delivered, which is at least $82,767.30.

## COUNT II: ACCOUNT STATED

23. Resurs adopts and re-alleges paragraphs 1-18 above as if set out fully herein.

24. Prior to this lawsuit, Resurs and Global had business transactions between them. As set forth above, Resurs provided food to Global in exchange for payment to be made to Resurs.

25. As reflected in Exhibits A, B and C, Global obtained at least $82,767.30 in food from Resurs. Global previously agreed to pay this balance prior to this suit, which balance Plaintiff presented to Global. Global has not objected to this balance being due, other than

stating it refused to pay a Russian company due to the combat operations of Russia in Ukraine. Global has failed to date to pay this sum to Resurs, despite demand by Resurs.

26. Resurs has been damaged as a result of Defendant's actions and is entitled to recover from Defendant the compensatory damages sustained in the amount of at least $82,767.30, plus Court costs.

## COUNT III: OPEN ACCOUNT

27. Resurs adopts and realleges paragraphs 1-18 above as if set out fully herein.

28. Global owes Plaintiff at least $82,767.30 pursuant to the Agreement that is due according to Exhibits A, B and C. Global never objected to this sum being due, other than its reference to Russian combat operations in Ukraine.

29. Resurs has thus been damaged in the amount of at least $82,767.30 plus costs.

## COUNT IV: UNJUST ENRICHMENT

30. Resurs adopts and realleges paragraphs 1-18 above as if set out fully herein.

31. This is a cause of action for unjust enrichment, being pled in the alternative to Resurs's breach of contract claims in the unlikely event that a valid and enforceable contract is not found to exist between Resurs and Global.

32. Prior to this lawsuit, Resurs conferred a benefit upon Defendant. Specifically, Resurs supplied Defendant with food that Defendant agreed to pay for.

33. Defendant wrongfully retained the benefit of the food supplied by Resurs at Resurs's expense. In other words, Defendant failed to fully compensate Resurs the value of such benefits and, as a result, Resurs has been damaged.

34. Defendant appreciated these benefits and knowingly and voluntarily accepted them. Equity and good conscience require that Defendant should not be able to obtain the

benefits without Resurs being compensated for such benefits conferred upon Defendant.

35. Plaintiff has no remedy under the law.

36. As a result, Resurs is entitled to recover from Defendant all damages sustained as a result of Defendant's failure to compensate Resurs for the benefits that Resurs conferred upon Defendant, in the amount of at least $82,767.30.

## PRAYER FOR RELIEF

WHEREFORE, Resurs demands and prays as follows:

(1) That judgment be entered in favor Resurs and against Global for breach of contract, account stated, open account and/or unjust enrichment;

(2) That the Court award Resurs at least $82,767.30 in damages against Global;

(3) That the Court award Resurs prejudgment interest on such damages;

(4) That the Court award Resurs costs and such other relief as is just and proper under the circumstances.

Dated this 9th day of December 2022.

Respectfully submitted,

DEVINE GOODMAN & RASCO, LLP
2800 Ponce de Leon Blvd., Suite 1400
Coral Cables, FL 33134
Tel.: 305-374-8200
Email: grasco@devinegoodman.com

*/s/ Guy A. Rasco*
Guy A. Rasco, Esq.
Florida Bar No.: 727520
*Counsel for Plaintiff*

5

DEVINE GOODMAN & RASCO, LLP    2800 PONCE DE LEON BOULEVARD, SUITE 1400, CORAL GABLES, FLORIDA 33134 P 305.374.8200 F 305.374.8208